Finley, J.
The defendant in error brought suit against the plaintiff in error to recover for about six months’ wages, which he claimed were due him u-nder a contract of hire for an indefinite period at $125 per month.
The defendant below, Wm. E. Snyder, by way of defense to plaintiff’s action, answered that the service had been rendered by the plaintiff under a contract of hire for one year, at a salary of $1,500.00 per annum, and that plaintiff, without just cause and against his consent, had left him at the end of six months and refused to work any longer, and was therefore not entitled to recover.
By way of cross-petition, Snyder alleged that Walker had been hired as a skilled pattern maker, and that just about the time when his busy season began, and when he needed his services most, Walker left him and refused to make any more patterns, and that by reason thereof he was specially injured in his business in a manner which he specifically *94 sets forth in his cross-petition, and he thereforej'prays judgment against Walker for his special damages, sustained by reason of Walker’s breach of contract.
This cross-petition was put in issue by the reply of Snyder, and the case went to trial on the issuesjthus raised, resulting in a verdict for plaintiff for thejEull amount of his claim.
The case is here on error to reversejthe judgment of the court of common pleas, and the principal assignment of error relied on is that the court erred in excluding evidence offered by Snyder 'tending to maintain the allegations of his cross-petition, and error in takingjiromjthe jury all consideration of that question.
Did the court below err in these particulars? It is evident, from a full examination of thejrecord, as developed by the conduct of the trial, that jit was contended by the plaintiff, as the law of the case, that if itjshould be made to appear to the jury that he had forfeited his^right to recover by reason of his own breach of an entire contract, the measure of the breach of his conduct would be thejforfeiture of his unpaid wages, and no moré. In other words, that if the contract was an entire one, namely, thatjthe plaintiff was to work for the defendant for a period of one year, at the fixed price of $1,500.00 per year, and the jury should find that to be the contract, and further find that he left the-service of the defendant without just cause therefor, against defendant’s consent, that he would forfeit and lose his pay, which would be in the nature of a penalty for his own breach of the contract, and that the defendant could not go beyond that amount, or recover other or further damages in consequence of his breach of the contract, regardless of what his damages might actually be.
On the other hand, it was contended by defendant on the trial of the case, and defendant’s¿|cross-petition was framed upon the theory that, if it should appear on the trial *95 that plaintiff had forfeited his right to recover in the action in consequence of his breach of the entire contract, in estimating defendant’s damages for the breach thereof, he would not be limited to defeating plaintiff’s right to recover by showing the breach of contract alone, but that he could go further and recover'such actual damages growing out of the transaction as were directly caused by plaintiff’s wrongful act.
On the trial of the case, the defendant undertook,on this theory, in support of his cross-petition, to give testimony tending to show that he was directly injured in his business by reason of the breach of the contract on the part of the plaintiff. To the introduction of such testimony, the’ plaintiff objected, and the court sustained such objection, to which defendant then excepted. Some of the objections were well taken, as the proof offered was hearsay only. Other evidence offered was incompetent, for the reason, as appears of record, that the party was not competent and qualified to speak regarding the matter inquired of. Some of the testimony, however, was freed from these objections and was competent, unless the theory of the plaintiff was the correct one. If it is the law in a case of this kind, that for a breach of an employe's contract to serve for a fixed period, the only remedy left the employer is to interpose the breach of the contract as a shield and defense against a recovery of unpaid wages, and that he cannot be allowed, in such action, to recoup for the damages sustained by him in consequence of the employe's wrongful breach of contract, then this testimony would not have been competent, and was therefore properly rejected.'
It is apparent from the charge that the court took this view of the question, because it withdrew from the jury a consideration of damages growing out of the cross-petition of the defendant, in the following language:
“As to the question of damages claimed by defendant in *96 his answer and cross petition in this case, for the alleged violation by Mr. Walker, the plaintiff, of his contract to work a year certain, gentlemen of the jury, you have nothing to do with that; that question is not in the case.”
To the exclusion of this class of testimony, as well as this clause of the charge of the court, the defendant below excepted at the time, and in his motion for a new trial alleges this action on the part of the court as ground for a new trial, and in his petition in error alleged that the court below erred in overruling his motion for a new trial upon these grounds.
We have carefully examined the pleadings, record and evidence in the case, and find no substantial error for which the verdict and judgment should be reversed, unless there was error upon the part of the court in excluding this class of testimony tending to show damages for defendant, as claimed in his cross-petition, and in charging the jury not to consider the question of damages claimed by defendant.
Did the court err in excluding testimony tending to show damages to the defendant as claimed in his cross-petition, and in taking from the jury all consideration of that question? We think it did. We think that the contract between the plaintiff and the defendant, if it be proved to be an entire one, was, nevertheless, mutual. That if on the trial of the case it should have been made to appear to the jury that the contract, on the part of the plaintiff, was that he should work for the defendant for the period of one full year, and on the part of the defendant that he should pay him for such labor the sum of $1,500.00 for said year, whether the wages were payable monthly or at the end of the year, that a breach of the contract on the part of either party, enitlted the other, who had been without fault, to recover the actual damages flowing from and directly caused by said breach of contract. To hold otherwise would enable one party to a contract to violate it with impunity and go scot free, though the other *97 might sustain great loss from his wrongful act. ' Apply the rule in this case. Suppose, after making the contract, and after plaintiff had engaged in the performance of it, and made his arrangements accordingly, and moved his family to the city of Findlay, and rented a home for himself and family, and had otherwise been put to large expense in so doing, the defendant, Snyder, without just cause, had discharged him from his services, and refused to permit him to perform his part of the contract, would any one dispute that in an action against his employer to recover for a breach of the contract he might not recover such damages as he would prove were directly caused by the wrongful act of the employer?
Apply the rule on the other side of the question. Suppose, under this contract, the defendant had employed him ’'to do particular and peculiar work, requiring the knowledge and skill of an expert in this line of business, and suppose be had hired him at a price one-third or one-half less than an expert like him, peculiarly fitted to do his work, could be employed for, and he had hired him for one year, and in so hiring him had obtained a profitable bargain, and suppose the plaintiff, after making the bargain, had worked one week, and then, finding that he could get double as much wages somewhere else, should, thereupon, regardless of his contract, and in reckless violation of it, pull up in a busy season and leave his employer at a iime when his services, owing to their expert quality, were peculiarly valuable to his employer, and should refuse to perform his contract, could it be said the only remedy the employer had for breach of it would be the gain of plaintiff’s one week’s wages, which he had not paid ? Or is he not entitled to recover of the employe the full measure .of his damages growing out of the breach of the contract and-direetly resulting therefrom ? We think, clearly, that he would be. We think that the *98 code contemplates, in an action of this kind, that a party defendant may recover by way of counter-claim, such damages as he sustained, provided they grow out of and are connected with the same transaction. And we think this view is'emphasized and sustained by section 5329, of the Revised Statutes, which provides as follows:
J. Poe, for Plaintiff in error.
JS. T. Dunn, for Defendant in error.
“Where a counter-claim or set-off established at the trials exceeds the plaintiff’s claim so established, judgment for the defendant must be given for the excess; or, when it appears that the defendant is entitled to any affirmative relief, judgment shall be given therefor.”
We think that the common law rule that a counter-claim, in 'an action like this, can only be used as a defense, is abrogated by the.statutes of Ohio, and that therefore a party may not only plead the breach of a contract by way of defense to’ a plaintiff’s claim, but can go further, and by way of cross-petition recover such damages as he may show he sustained in consequence of such breach of contract, within the limit that such damages must be referable to the breach of the contract, and flow directly thereform.
With this view of the case we hold that the court erred ih taking from the jury all consideration of damages claimed by defendant in his cross-petition, and erred in excluding testimony tending to establish such damage.
The judgment of the court will, therefore, be reversed, and cause remanded at the costs of defendant in error.
Day, J., dissents.